# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
**DENARD D. NEAL,**                    )
                                        )
　　　　**Plaintiff,**                    )
                                        )
　　　　　　**v.**                        )        **Civil Action No. 07-915 (JR)**
                                        )
**HARRELL WATTS,**                      )
                                        )
　　　　**Defendant.**                    )
_____)

### MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Denard Darnell Neal, Reg. No. 23843-008, pro se ("Plaintiff") commenced this action against Harrell Watts, National Inmate Appeals Administrator for the Bureau of Prisons ("BOP") ("Defendant") alleging that his constitutional rights were violated because he was disciplined for not participating in the Inmate Financial Responsibility Plan ("IFRP") and that he was compelled to submit to a tuberculosis screening that requires injecting the subject of the test. Defendant moved to dismiss Plaintiff's complaint on several grounds including, *inter alia*, improper venue, qualified immunity and the absence of Defendant's direct involvement in the violations about which Plaintiff complains. Plaintiff has not responded to even one of these sound grounds for dismissal. Instead, he doggedly insists that his substantive constitutional rights have been violated despite the fact that federal and Circuit case law clearly supports these BOP programs.

Every court to consider a challenge to the IFRP's constitutionality has upheld it. *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999) (noting the IFRP "has been uniformly upheld against constitutional attack"); *Dorman v. Thornburgh*, 955 F.2d 57, 58-59 (D.C. Cir. 1992) (holding the

IFRP does not deprive inmates of constitutional rights to due process); *Johnpoll v. Thornburgh*, 898 F.2d 849, 851 (2d Cir. 1990) (holding that the BOP did not exceed its authority in establishing the IFRP and that the program does not violate due process); *see also United States v. Williams*, 996 F.2d 231, 234 (10th Cir. 1993) (acknowledging the other circuits' holding the IFRP constitutional).  Regarding to Plaintiff's tuberculosis testing claims, courts have held that the spread of tuberculosis in prisons to inmates and staff is a legitimate penological interest. *McCormick v. Stadler*, 105 F.3d 1059, 1061-62 (5th Cir. 1997); *Africa v. Horn*, 998 F.Supp. 557, 559-60 (E.D. Pa. 1998); *Hasenmeier-McCarthy v. Rose*, 986 F.Supp. 464, 467 (S.D. Ohio 1998); *Westbrook v. Wilson*, 896 F.Supp. 504, 504-05 (D. Md. 1995).  Prison officials also have a duty to protect inmates from infectious disease.  *Jolly v. Coughlin*, 76 F.3d 468 (2d Cir. 1996).  Thus, Plaintiff fails to state a claim based on testing because his interests are trumped by the institution's legitimate penological interests.

In addition to the compelling arguments proffered for dismissal, Defendant also requests that the order granting Plaintiff's Motion to Proceed *in forma pauperis*, pursuant to 28 U.S.C. 1915(g), be revoked.  Vacating the order is proper because Plaintiff has already been twice denied *in forma pauperis* status in the Middle District of Florida pursuant to the "three strikes" provision of 28 U.S.C. 1915(g).  Orders of Dismissal for 06-cv-432 and 07-cv-38 attached hereto as *Exs*. A and B.  Both actions were dismissed without prejudice to enable Plaintiff to refile if able to pay the fee "at the time he initiates the suit."  (citing *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Exs*. A and B at pp 2, ns. 3.[1]

---

[1]    The Middle District of Florida denied Plaintiff *in forma pauperis* status based on the following three strikes: *Neal v. Fed. Bur. of Prisons, et al.*, 02-cv-1908 and 1942; *Neal v. Lappin*, et al., 04-cv-1239; *Neal v. Fed. Bur. of Prisons, et al.*, 01-cv-1356.

Here, Plaintiff filed his Motion for Leave to Proceed *in forma pauperis* on May 16, 2007. *Docket Ent*. 2; Motion attached hereto as *Ex*. C. By order issued on the same day, *Docket Ent*. 4; *Ex*. D, Plaintiff's motion was granted. Notably, Plaintiff did not allege in his motion that he was "under imminent danger of serious physical injury." 28 U.S.C. 1915(g); *Ex*. C. Therefore, based on the Middle District of Florida decisions, the order granting Plaintiff *in forma pauperis* status should be vacated. In addition, this action should be dismissed with prejudice for failure to state a claim for the reasons set forth in Defendant's motion.[2]

Conversely, Plaintiff's Motion for Summary Judgment should be denied for failure to comply with LCvR. 7(h) and that the undisputed facts show that Defendant, not Plaintiff is entitled to a judgment as a matter of law.

Dated: February 29, 2008

Respectfully submitted,

/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7157

---

[2]    On November 29, 2007, the D.C. Circuit affirmed Judge Bates' dismissal of Plaintiff's *habeas* complaint. *Ex*. E. On July 16, 2002, Judge Urbina granted defendant's Motion to Transfer to the Eastern District of Texas in *Neal v. Hawk-Sawyer*, 01-cv-2021(RMU).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Defendant's Memorandum in Reply to Plaintiff's

Opposition to Motion to Dismiss and Opposition to Defendant's Motion for Summary Judgment

was mailed by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

Denard Darnell Neal
Reg. No. 23843-008
USP Atwater
U.S. Penitentiary
P.O. Box 019001
Atwater, CA 95301

on this <u>29th</u> day of February, 2008

_/s/_____
         KENNETH ADEBONOJO

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION


DENARD DARNELL NEAL,

        Plaintiff,

v.                                                          Case No. 5:06-cv-432-Oc-10GRJ

WARDEN, FCC COLEMAN-USP, et al.,

        Defendants.

_____


## <u>ORDER OF DISMISSAL</u>

      Plaintiff, an inmate at the Federal Correctional Complex in Coleman, Florida,

initiated this action *pro se* by the filing of Civil Rights Complaint.  (Doc. 1).  Before

the Court is Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*.  (Doc. 3).

Upon due consideration, Plaintiff's motion is  **DENIED**.  "Proceeding *in forma*

*pauperis* is a privilege, not a right, and permission to so proceed is committed to the

sound discretion of the court."[1]

      Further, after the enactment of the Prison Litigation and Reform Act (PLRA)

of 1996, 28 U.S.C. § 1915 was amended by the addition of the following subsection:

> (g) In no event shall a prisoner bring a civil rights action or appeal a
> judgment in a civil action or proceeding under this section if the prisoner
> has, on 3 or more prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United States that
> was dismissed on the grounds that it is frivolous, malicious, or fails to

---

[1] <u>Camp v. Oliver</u>, 798 F.2d 434, 437 (11th Cir. 1986) (citations omitted).

state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Review of Court records reveals that Plaintiff has the following cases that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: Neal v. Federal Bureau of Prisons, et al., Case No. 1:02-cv-01908-FAL and No. 1:02-cv-1942-FAL (four claims dismissed as frivolous or for failure to state a claim upon which relief may be granted, one claim dismissed for failure to exhaust administrative remedies); Neal v. Federal Bureau of Prisons, et al., Case No. 1:02-cv-01908-FAL (appeal dismissed as frivolous); Neal v. Harley Lapppin, et al., Case No. 1:04-cv-01239-FAL (one claim dismissed for failure to exhaust administrative remedies)[2]; Neal v. Federal Bureau of Prisons, et al., Case. No. 1:01-cv-1356-SHR (dismissed for failure to exhaust administrative remedies).

Because Plaintiff has had three or more prior dismissals and does not allege that he is under imminent danger of serious physical injury, this case is **DISMISSED** without prejudice pursuant to 28 U.S.C. 1915(g).[3]  The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

---

[2]Dismissal of prior suit without prejudice for failure to exhaust administrative remedies and dismissal for abuse of judicial process are properly counted as strikes.  Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), *cert. dismissed*, 524 U.S. 978 (1998).

[3]"[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit."  Dupree v. Palmer, 284 F.3d 1234,1236 (11th Cir. 2002)

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 28th   day of December 2006.

UNITED STATES DISTRICT JUDGE

c: Denard Darnell Neal

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DENARD DARNELL NEAL,

      Petitioner,

        v.

ALBERTO GONZALES, Attorney
General,

      Respondent.

Civil Action No.  06-0610 (JDB)

## <u>MEMORANDUM OPINION</u>

_____Petitioner, an inmate at the United States Penitentiary in Coleman, Florida, filed this *pro se* action challenging the constitutionality of the convictions and sentence he received in the United States District Court for the District of Arizona.  He seeks a writ of habeas corpus. Because the present petition is a successive motion under 28 U.S.C. § 2255, the case will be dismissed.

### Background

On January 18, 1991, in the United States District Court for the District of Arizona, petitioner was sentenced to a term of imprisonment of 55 years for bank robbery and use of a firearm during a crime of violence.  Petition ("Pet.") at 2.   On direct appeal, petitioner's convictions and sentence were affirmed by the Ninth Circuit.  *United States v. Neal*, No. 91-10078, 1992 WL 259243, at * 3 (9th Cir. Oct. 5, 1992); *United States v. Neal*, 976 F.2d 601, 603 (9th Cir. 1992).

Petitioner filed a motion pursuant to 28 U.S.C. § 2255 in the United States District Court

-1-

for the District of Arizona.  Pet. at 2.  He alleged the following grounds for relief: (1) ineffective

assistance of counsel; (2) his consecutive sentences were unlawful; and (3) the government failed

to establish jurisdiction, i.e, that the bank robbed by petitioner was insured by the Federal Deposit

Insurance Corporation.  *Id.*  The district court denied the motion.  *Id.*  That decision was affirmed

by the Ninth Circuit.  *United States v. Neal*, No. 95-15524, 1997 WL 684033, at * 2 (9th Cir. Oct.

20, 1997).

Petitioner has filed two other § 2255 motions.  Pet. at 3-4; *Neal v. United States* No. CR-

90-03, 2006 WL 2481126, at * 1 (D. Ariz. Aug. 24, 2006).  Petitioner was denied relief because

these filings were second or successive motions.  *Neal*, 2006 WL 2481126, at * 1.

### Discussion

Petitioner seeks a writ compelling respondent to release him from confinement.  Habeas

corpus jurisdiction under 28 U.S.C. § 2241 lies only in the district court where the prisoner is

incarcerated.  *Rumsfeld v. Padilla*, 542 U.S. 426, 433 (2004).  The warden where the petitioner

resides is the custodian for purposes of habeas jurisdiction.  *Stokes v. U.S. Parole Comm'n*, 374

F.3d 1235, 1238 (D.C. Cir. 2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998).

Since the petitioner is incarcerated in the Middle District of Florida, this Court would not have

jurisdiction to consider petitioner's claims under § 2241.

A federal prisoner who makes a collateral challenge to his conviction or sentence must

file a motion pursuant to § 2255.  *McLean v. United States*, No. 90-0318, 2006 WL 543999, at *2

(D.D.C. Mar. 3, 2006); *Pradelski v. Hawk-Sawyer*, 36 F. Supp. 2d 1, 2 (D.D.C. 1999).  Such a

motion must be made in the sentencing court.  *Moore v. Smith*, 186 Fed Appx. 8 (D.C. Cir. 2006);

*Simmons v. Beshouri*, No. 06-380, 2006 WL 751335, at *1 (D.D.C. Mar. 23, 2006).[1] Petitioner was sentenced in the United States District Court for the District of Arizona.

Petitioner has filed prior unsuccessful §2255 motions. Before a second or successive motion to set aside, vacate, or correct sentence can be considered by a district court, a defendant must first seek an order authorizing the filing of the motion from the appropriate court of appeals. 28 U.S.C. §§ 2244(b)(3)(A) & 2255. A district court lacks jurisdiction to consider a second or successive motion in the absence of certification from the circuit court. *Moore v. Dep't of Justice*, No. 98-5085, 1998 WL 545421, at * 1 (D.C. Cir. July 17, 1998); *Hudson v. United States*, No. 97-5140, 1998 WL 315593, at *1 (D.C. Cir. May 29, 1998). Therefore, petitioner's present action can only be considered by the Ninth Circuit.

Having determined that this Court lacks jurisdiction to consider petitioner's claim, the remaining issue is whether to dismiss or transfer the petition. Several courts, in the "interest of justice," have transferred second or successive § 2555 motions to the appropriate court of appeals for certification. *See, e.g., In re Sims*, 111 F.3d 45, 67 (6th Cir. 1997); *Coleman v. United States*, 106 F.3d 339, 340-41 (10th Cir. 1997); *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996). In three unpublished opinions, the D.C. Circuit has concluded that in the absence of certification by a court of appeals, transfer of a § 2255 motion to the proper jurisdiction is not in the interest of justice. *See Lee v. Dep't of Justice*, No. 01-5215, 2002 WL 335532, at *1 (D.C. Cir. Jan. 25, 2002); *Aviles v. United States*, No. 00-5069, 2000 WL 628224, at *1 (D.C. Cir. Apr. 25, 2000);

---

[1] The one exception to this rule is if the remedy in the sentencing court is "inadequate or ineffective." 28 U.S.C. § 2255 ¶5. The fact that petitioner's motions were unsuccessful in the District of Arizona does not render his § 2255 remedy inadequate or ineffective. *See Johnson v. Robinson*, 509 F.2d 395, 397 (D.C. Cir. 1974); *Boyer v. Conaboy*, 983 F.Supp. 4, 8 (D.D.C. 1997).

*Perales v. Hawk*, No. 99-5098, 1999 WL 728357, at *1 (D.C. Cir. Aug. 4, 1999). Based on these

decisions, the case will not be transferred.

### Conclusion

For the above stated reasons, the petition for writ of habeas corpus will be denied and the

case dismissed. A separate order accompanies this Memorandum Opinion.


_____/s/_____
JOHN D. BATES
United States District Judge


Dated: __May 4, 2007___

AO 240 (Rev. 10/03)

# UNITED STATES DISTRICT COURT

**FILED**

MAY 1 6 2007

District of COLUMBIA

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Denard-Darnell: Neal

Plaintiff

V.

HARRELL WATTS

Defendant

**APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT**

CASE NUMBER: **07 0915**

I, _Denard-Darnell: Neal, 23843-008_ declare that I am the (check appropriate box)

☒ petitioner/plaintiff/movant/respondent ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?  ☒ Yes  ☐ No  (If "No," go to Part 2)

   If "Yes," state the place of your incarceration  U.S.P. Coleman-1, Coleman Florida

   Are you employed at the institution? No  Do you receive any payment from the institution? No

   Attach a ledger sheet from the institution(s) of your incarceration showing at least the past six months' transactions.

2. Are you currently employed?  ☐ Yes  ☒ No

   a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer. (List both gross and net salary.)  N/A

   b. If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.  N/A

3. In the past 12 twelve months have you received any money from any of the following sources?

   | | | | |
   |---|---|---|---|
   | a. | Business, profession or other self-employment | ☐ Yes | ☒ No |
   | b. | Rent payments, interest or dividends | ☐ Yes | ☒ No |
   | c. | Pensions, annuities or life insurance payments | ☐ Yes | ☒ No |
   | d. | Disability or workers compensation payments | ☐ Yes | ☒ No |
   | e. | Gifts or inheritances | ☐ Yes | ☒ No |
   | f. | Any other sources | ☒ Yes | ☐ No |

**RECEIVED**

MAY 0 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive. Received funds from family

2

AO 240 Reverse (Rev. 10/03)

4. Do you have **any** cash or checking or savings accounts? ☐ Yes ☒ No

If "Yes," state the total amount. _____N/A_____

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value? ☐ Yes ☒ No

If "Yes," describe the property and state its value.

N/A

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support. (If children are dependents, please refer to them by their initials)

N/A

I declare under penalty of perjury that the above information is true and correct.

_____April 26, 2007_____ _____Demel Darnell: Neal_____
Date                                          Signature of Applicant

**NOTICE TO PRISONER:** A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

## ORDER OF THE COURT

| The application is hereby denied. | The application is hereby granted. Let the applicant proceed without prepayment of costs or fees or the necessity of giving security thereof. |
|---|---|
| _____ _____ <br> United States Judge    Date | _____ _____ <br> United States Judge    Date |

FILED

MAY 1 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DENARD DARNELL NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. **07 0915** |
| | ) | |
| HARRELL WATTS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff has submitted the requisite financial information pursuant to 28 U.S.C. § 1915(a)(1994). Upon review of the financial information, the Court finds that plaintiff is required to pay the statutory filing fee of $350.00 for this action in accordance with the provisions of 28 U.S.C. § 1915(b)(1)). Accordingly, it is this _10_ day of May, 2007,

**ORDERED** that:

1. The plaintiff is obligated to pay an initial partial filing fee payment of **$ 45.62**

2. The plaintiff is obligated to submit to the United States District Court for the District of Columbia twenty percent of the preceding month's income credited to his prison account as partial payment of the $350.00 filing fee.

3. The payment described above and all future payments shall be deducted from the plaintiff's prison account and paid to the Clerk of the United States District Court for the District of Columbia each time the amount in the account exceeds $10 until the entire filing fee is paid.

4. A copy of this Order shall be furnished to plaintiff's place of incarceration.

5.   Plaintiff's application to proceed *in forma pauperis*  is granted.

United States District Judge

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

**No. 07-5218**                    **September Term, 2007**

**07cv00610**

**Filed On: November 29, 2007**

[1083376]

Denard Darnell Neal,
           Appellant

     v.

Alberto Gonzales, Attorney General,
           Appellee

### APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE**:    Sentelle, Randolph, and Brown, Circuit Judges

### J U D G M E N T

    This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and appendix filed by appellant.  <u>See</u> Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).  It is

    **ORDERED AND ADJUDGED**  that  the district court's order filed May 4, 2007, be affirmed.  Appellant must file any § 2241 habeas petition in the district in which he is incarcerated.  <u>See</u> <u>Chatman-Bey v. Thornburgh</u>, 864 F.2d 804, 811 (D.C. Cir. 1988) (en banc).  Furthermore, any attack on the validity of appellant's conviction and sentence must be presented by a motion under 28 U.S.C. § 2255 to the sentencing court, unless the remedy under § 2255 would be "inadequate or ineffective."  28 U.S.C. § 2255 ¶ 5. The § 2255 remedy is not inadequate or ineffective simply because § 2255 relief has already been denied, or because the appellant has been denied permission to file a second or successive § 2255 motion.  <u>See</u> <u>Charles v. Chandler</u>, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam) (collecting cases).

    Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

### <u>Per Curiam</u>