## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DENARD DARNELL NEAL,       )
                                    )
          Plaintiff,        )
                                    )
      v.                 )       Civil Action No. 07-0915 (JR)
                                    )
HARRELL WATTS,          )
                                    )
          Defendant.     )

## MEMORANDUM  OPINION

This matter is before the Court on defendant's motion to dismiss.  Because all claims against Mr. Watts are barred, the Court will grant the motion and dismiss this action with prejudice.

### I.  BACKGROUND

Plaintiff is a federal prisoner who currently is incarcerated at the Federal Correctional Complex in Coleman, Florida.  He brings this civil rights action against Harrell Watts, the National Inmate Appeal Administrator for the Federal Bureau of Prisons ("BOP"), in his official and individual capacities.  Complaint ("Compl.") at 7 ¶¶4-5.

### A.  Inmate Financial Responsibility Program

BOP's Inmate Financial Responsibility Program ("IFRP") is a means for a sentenced inmate to meet his financial obligations, including restitution, using wages earned from prison employment.  *See* 28 C.F.R. §§ 545.10, 545.11.  BOP staff determine the amount of an inmate's payments and monitor his progress.  *See* 28 C.F.R. § 545.11(a), (b).  Although BOP merely encourages an inmate's participation in the program, *see* 28 C.F.R. § 545.10, an inmate who refuses to participate ordinarily loses certain privileges.  *See* 28 C.F.R. § 545.11(d).  For

example, a non-participating inmate "shall be subject to a monthly commissary spending

limitation more stringent than the monthly commissary spending limitation set for all inmates."

28 C.F.R. § 545.11(d)(6).

Plaintiff is serving a term of 55 years and 5 months' imprisonment imposed by the United

States District Court for the District of Arizona on his conviction by jury on three counts of bank

robbery and three counts of using a firearm in a crime of violence.  *See United States v. Neal*, 976

F.2d 601, 601-02 (9th Cir. 1992).  The Judgment & Commitment Order directs plaintiff to pay

restitution.  Compl. at 4 ¶3.  Plaintiff alleges that he "has not and will not volunteer for"

participation in the IFRP.  Compl. at 4 ¶5.  According to plaintiff, the IFRP is "a means of

retaliation" against him and allows BOP staff to "impose sanctions . . . without affording Plaintiff

any type of due process."  *Id.*  Here, plaintiff objects to the imposition of his spending limit at the

prison commissary.  *See id.*, Ex. (Central Office Administrative Remedy Appeal No. 410752 and

National Inmate Appeal Administrator's Response).  He alleges that defendant "is trying to sue

[sic] force, extortion as a means to force Plaintiff into giving the [BOP] property . . . that is

own[ed] by Plaintiff.  *Id.* at 3 ¶2.

### B.  Tuberculosis Testing

Tuberculosis screening tests are mandatory at BOP facilities for all federal inmates.  *See*

Compl., Ex. (National Inmate Appeals Administrator Response to Administrative Remedy No.

359607-A1); *see also* Program Statement 6190.02, Infectious Disease Management (6/28/2005)

at 7-10.  Plaintiff alleges that medical staff at FCC Coleman "harass Plaintiff because Plaintiff

has refuse[d] to allow the injection of the dangerous T.B. test, also know[n] as a PPD test,

TUBERCULOSIS."  Compl. at 5 ¶10 (emphasis in original).  Plaintiff objects to the PPD test on

religious grounds, and offers in the alternative to submit to a chest x-ray. *Id.* at 5 ¶16.

For these alleged violations of rights protected under the Fifth and Eighth Amendments to the United States Constitution, plaintiff demands an order directing defendant or his successor "to cease [] all injection(s) of dangerous chemicals (T.B. test) into [Plaintiff's] body," Compl. at 7 ¶5, and an award of compensatory and punitive damages. *Id.* at 7 ¶¶3-5.[1]

## II. DISCUSSION[2]

### A. Claims Against Harrell Watts In His Official Capacity

The Court treats all claims against defendant Watts in his official capacity as if the claims were brought against the federal government itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (an official-capacity lawsuit is in effect against the sovereign); accord *Mason v. Judges of U.S. Court of Appeals for District of Columbia Circuit in Regular Active Service Acting in Their Official Capacities*, 952 F.2d 423, 425 (D.C. Cir. 1991) (recognizing that a suit against federal officials challenging their official actions is a suit against the United States under 28 U.S.C. § 2401(a)), *cert. denied*, 508 U.S. 829 (1992).

"It is axiomatic that the United States may not be sued without its consent and that the

---

[1]    Two paragraphs are designated "5.)" on page 7 of the Complaint. Plaintiff's demand for injunctive relief appears in the second paragraph 5.

[2]    Defendant brings to the Court's attention that plaintiff has accumulated "three strikes" for purposes of the Prison Litigation Reform Act, *see* 28 U.S.C. § 1915(g). *See Neal v. Warden, FCC Coleman-USP*, Civ. No. 5:06cv432-Oc-10GRJ (M.D. Fla. Dec. 28, 2006). Absent any allegation in the instant complaint that plaintiff was in imminent danger of serious physical injury, it appears that he was not eligible to proceed *in forma pauperis* in this action. Although a prisoner's "privilege to proceed [*in forma pauperis*] should be reevaluated if and when information comes to light that calls into question whether he was initially eligible for that privilege," *Davis v. Thomas County Sheriff's Dep't*, No. 6:06-cv-30, 2006 WL 2567883, *2 (M.D. Ga. Sept. 5, 2006), the Court declines to revoke the plaintiff's *in forma pauperis* status at this stage of the proceedings. The plaintiff is advised that this Court may reject any future *in forma pauperis* filing under 28 U.S.C. § 1915(g).

existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Such consent may not be implied, but must be "unequivocally expressed." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992). The United States has not waived its sovereign immunity for constitutional tort claims. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 477 (1994) (holding that sovereign immunity precludes damage claims against the United States government for constitutional violations). In addition, sovereign immunity extends to governmental agencies such as the BOP and to their employees where such employees are sued in their official capacities. *See id.* at 483-86. Accordingly, because plaintiff cannot bring a *Bivens* claim against the federal government or its agencies, his claims against Mr. Watts in his official capacity must be dismissed.

### B.  Claims Against Harrell Watts In His Individual Capacity[3]

Defendant argues, and the Court agrees, that plaintiff's *Bivens* claims against Mr. Watts in his individual capacity are barred because Mr. Watts is protected under the doctrine of qualified immunity.

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Under this doctrine of qualified immunity, a government official can be held liable only if his conduct violates a constitutional right and if it would be clear to a reasonable official that his conduct was unlawful in the situation at issue. *Saucier v. Katz*, 533 U.S. 194, 201-02 (2001).

---

[3]     For purposes of this motion, the Court assumes without deciding that it may exercise personal jurisdiction over defendant Watts and that venue in this district is proper.

An official protected by qualified immunity enjoys "*immunity from suit* rather than a mere defense to liability," which is "effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original). Thus, questions of immunity are matters of law for the Court to decide as early in the proceedings as possible. *See Saucier*, 533 U.S. at 200-01. As a threshold matter, the Court considers whether the facts alleged in the complaint show that Mr. Watts' conduct violated a constitutional right. *Id.* at 201. If the allegations do not establish the violation of a constitutional right, he is entitled to qualified immunity. *Id*.

Here, it is evident that plaintiff fails to state a due process violation arising from his compelled participation, or his voluntary refusal to participate, in the IFRP. The IFRP "serves valid penological interests and is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation." *Johnpoll v. Thornburgh*, 898 F.2d 849, 851 (2d Cir.) (per curiam), *cert. denied*, 498 U.S. 819 (1990); *Prows v. United States Dep't of Justice*, 704 F. Supp. 272, 274-75 (D.D.C. 1988) (IFRP "falls within the [BOP's] authority to provide for, *inter alia*, the rehabilitation and reformation of federal inmates"), *aff'd*, 938 F.2d 274 (D.C. Cir. 1991) (per curiam). "The BOP does not violate due process by setting an individualized payment schedule for inmates for court-ordered restitution." *Davis v. Wiley*, No. 07-1303, 2008 WL 41067, at *2 (10th Cir. Jan. 2, 2008); *Williams v. Pearson*, 197 Fed. App. 872, 876 (11th Cir. 2006) ("[T]o the extent [petitioner] is arguing that the IFRP violates his due process rights, we conclude the argument is meritless."), *cert. denied sub nom. Williams v. Johns*, 127 S.Ct. 1893 (2007). Compelled participation in the IFRP neither punishes inmates nor extorts money from inmates. *See McGhee v. Clark*, 166 F.3d 884, 887 (7th

Cir. 1999) (rejecting as meritless argument that prison officials committed extortion in collecting IFRP payments); *Johnpoll*, 898 F.2d at 851 (finding that compelled participation in IFRP is not punitive because it is reasonably related to the legitimate governmental objective of rehabilitation). The imposition of sanctions for plaintiff's refusal to participate in the IFRP does not violate due process, as an inmate has no liberty interest in any privilege available at the prison. *See Davis*, 2008 WL 41067, at *2 (noting that even though an inmate's "refusal to participate in the IFRP is not without consequences . . ., the benefits that can be denied are not constitutionally guaranteed"); *Dorman v. Thornburgh*, 955 F.2d 57, (D.C. Cir. 1992) (per curiam) (concluding that inmate had no liberty interest in prison employment terminated upon his refusal to participate in IFRP, and, therefore, that plaintiff had no entitlement to compensatory and punitive damages).

Plaintiff is no more successful in stating a constitutional claim with respect to mandatory tuberculosis testing. The government has a compelling interest in stopping the spread of this highly contagious disease. *See Sample v. Angelone*, No. 98-7421, 1999 WL 52347, at *1 (4th Cir. Feb. 5, 1999) (per curiam) (affirming district court conclusion that "regulation requiring PPD testing of inmates and prison staff for tuberculosis exposure is reasonably related to the legitimate penological objective of ensuring the health and welfare of inmates"); *Dunn v. Zenk*, No. 1:07-CV-2007-RLV, 2007 WL 2904170, at *3 (N.D. Ga. Oct. 1, 2007) (recognizing a "legitimate penological interest in controlling the spread of tuberculosis such that involuntary administration of a test for the disease does not offend the Constitution"). Where legitimate penological interest of ensuring health of inmates and staff outweighs individual's interests, BOP does not err in compelling plaintiff to submit to a tuberculosis screening test. *See Sample*, 1999

WL 52347, at *1 (prison officials properly placed inmate in segregation after he refused to allow medical staff to conduct a PPD test on him). The government's compelling interest may outweigh a prisoner's objection to a tuberculosis screening test on religious grounds. *See Karolis v. New Jersey Dep't of Corr.*, 935 F. Supp. 523, 527-29 (D.N.J. 1996) (involuntary administration of tuberculosis test to member of Christian Scientist faith upheld against challenge under First Amendment and the Religious Freedom Restoration Act because there is a compelling state interest in stopping the spread of tuberculosis). And BOP need not offer plaintiff the option of taking an x-ray instead of undergoing the PPD test. *See Dias v. Vose,* 865 F. Supp. 53, 57 (D. Mass. 1994) (quoting *Layne v. Vinzant*, 657 F.2d 468, 473 (1st Cir. 1981)), *aff'd*, 50 F.3d 1 (1st Cir. 1995) (Table).

A careful reading of plaintiff's papers makes clear that the actions Mr. Watts has taken occurred only in his capacity as the National Inmate Appeals Administrator. *See* Pl.'s Opp'n at 5. Where the *Bivens* claims against Mr. Watts arise from decisions he has rendered on an inmate grievance appeal, he is protected by qualified immunity. *See Walton v. Federal Bureau of Prisons*, __F. Supp. 2d ___, No. 07-0746 (PLF), 2008 WL 318326, at *4 (D.D.C. Feb. 5, 2008) (concluding that defendant Watts is protected by qualified immunity where the *Bivens* claims against him arise from decisions he has rendered on grievance appeals); *Patel v. Warren*, No. 7-CA-760, 2007 WL 2818056, at *8 (W.D. Tex. Sept. 26, 2007) (Magistrate Interim Report and Recommendation that qualified immunity bars suit against Watts based on plaintiff's dissatisfaction with his response to administrative grievance); *Hodge v. United States*, No. 06cv1622, 2007 WL 2571938, at *13 (M.D. Pa. Aug. 31, 2007) (adopting magistrate judge's recommendation to dismiss *Bivens* claim against Watts because "prison official's response or

lack thereof to an inmate's Administrative remedies is not sufficient alone to hold the official liable in a civil rights action").

The Court concludes that all claims against defendant Watts in his official capacity are barred under the doctrine of sovereign immunity and that all claims against him in his individual capacity are barred under the doctrine of qualified immunity. Accordingly, Mr. Watts' motion to dismiss will be granted, and plaintiff's motion for summary judgment will be denied as moot. An Order consistent with this Memorandum Opinion is issued separately.

JAMES ROBERTSON
United States District Judge