UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DENARD DARNELL NEAL, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 07-0915 (JR) |
| HARRELL WATTS, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO PLAINTIFF'S MOTION TO PROCEED ON APPEAL
*IN FORMA PAUPERIS***

Harrell Watts, the National Inmate Appeals Administrator for the Federal Bureau of Prisons ("Defendant"), by and through undersigned counsel, respectfully requests that the Court deny Plaintiff's Motion to Proceed on Appeal *in forma pauperis*.

On March 17, 2008, this Court granted Defendant's motion to dismiss. See Docket Entries 29 & 30. On April 17, 2008, Plaintiff filed a Notice of Appeal and a Motion for Leave to Appeal *In Forma Pauperis* on May 29, 2008. See Docket Entry No. 31 & 31. Defendant contends that Plaintiff's motion should be dismissed because he has accumulated "three strikes" pursuant to Prison Litigation Reform Act ("PLRA") 28 U.S.C. 1915(g) and he should be found to be precluded from bringing any further actions without first paying the full filing fee. Alternatively, the Court may exercise its discretion to deny Plaintiff the *in forma pauperis* privilege under the Circuit's abuse of privilege standard. Butler v. Dep't of Justice, 492 F.3d 440 (D.C. Cir. 2007).

For purposes of the three strikes rule, the PLRA defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Plaintiff is unquestionably a prisoner for purposes of the three strikes provision of the PLRA. First, he is currently "incarcerated" in a prison facility. See, e.g., Civil Docket Sheet (indicating that Plaintiff is housed at the United States Penitentiary in Atwater, California).[1] Therefore, Plaintiff satisfies the requirements set forth in 28 U.S.C. § 1915(h).

The Prison Litigation Reform Act ("PLRA") provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"In enacting the PLRA in 1996, Congress endeavored to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." In re Smith, 114 F.3d 1247, 1249 (D.C. Cir. 1997) (citations and brackets omitted). Pursuant to this provision, if "a prisoner has filed, while incarcerated, three or more cases that have been dismissed for being frivolous or malicious or for failing to

---

[1] Plaintiff was convicted by jury in 1992 on three counts of bank robbery and three counts of using a firearm in a crime of violence. United States v. Neal, 976 F.2d 601-02 (9th Cir. 1992). Plaintiff was subsequently sentenced to 55 years and 5 months' imprisonment.

state a claim upon which relief could be granted, he may not proceed IFP, . . . and must therefore pay the entire fee on filing," though "[a]n indigent prisoner otherwise subject to subsection (g) may nevertheless proceed IFP when he is "under imminent danger of serious physical injury." Warren v. District of Columbia, 2008 U.S. App. Lexis *2 (D.C. Cir. 2008); Chandler v. D.C. Dep't of Corr., 145 F.3d 1355, 1357 (D.C. Cir. 1998).

This Circuit applies a slightly different, and perhaps narrower, definition of a "strike" for PLRA purposes than do other Circuits. Compare Thompson v. DEA, 492 F.3d 428, 440 (D.C. Cir. 2007) (holding that "[a]ppellate affirmances do not count as strikes unless the court expressly states that the appeal itself was frivolous, malicious or failed to state a claim") with Tafari v. Hues, 473 F.3d 440, 442 (2d Cir. 2007) (holding in part that "[a]n appeal is frivolous when it lacks an arguable bases either in law or in fact, that a frivolous action advances inarguable legal conclusion[s] or fanciful factual allegation[s], and that the term frivolous refers to the ultimate merits of the case") (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989) (internal quotations omitted)). Nevertheless, in light of the foregoing evidence that Plaintiff has at least three strikes under the PLRA (even under the D.C. Circuit's definition of a "strike").

Whether under the strict statutory interpretation of "three strikes" or the Circuit's abuse of privilege standard, Plaintiff should be denied *in forma pauperis* status. In Neal v. Federal Bureau of Prisons, 2005 WL 643271 (5th Cir. 2005), Plaintiff's appeal was dismissed as frivolous, see id. at *2, and the Circuit Court took the additional step of warning Plaintiff that by affirming the District Court's decision, Plaintiff had incurred another strike. Id. In Neal v. United States Comm'r, the court adopted the magistrate judge's recommendation that Plaintiff's action be dismissed for failure to state a claim. Id., 2008 WL 2074446 (E.D. Cal. May 14, 2008).

Plaintiff has also incurred at least one strike in this Circuit.  Neal v. Snow, 2006 WL 2699075 (ESH) (D.D.C. Sept. 20, 2006) (dismissing Plaintiff's non-FOIA claims as "baseless and wholly incredible").  Collectively, these decisions provide a bases for a finding that Plaintiff has incurred at least "three strikes" for purposes of the PLRA, and is therefore barred from bringing this action IFP, absent a showing of imminent danger of serious physical injury.

Defendants respectfully submit that this Court should find that Plaintiff has three strikes under the PLRA.  Alternatively, the Court should exercise its discretionary authority to deny Plaintiff IFP privileges.  Butler v. DOJ, 492 F.3d 440 (D.C. Cir. 2007).  Under Butler, the following consideration inform the Court's exercise of discretion: (1) whether the "number and content of the litigant's filings constitute a pattern of frivolousness or harassment of either defendants or the court;" (2) frequency of the filings; and (3) disposition of the filings.  Id. at 445-46.  Such a finding would: (1) advance comity between and among the various Circuits; (2) ensure that perverse incentives for forum shopping and gamesmanship do not arise on the part of prisoner-litigants who have been found to have three strikes in other Circuits but might hope for a different result here; and (3) be consistent with the purpose underlying the three strike provision—the reduction of frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.[2]

---

[2]    Indeed, a search of Nationwide PACER using Plaintiff's name of record, Denard-Darnel Neal, reveals that 23 civil cases and 13 appeals.  Admittedly, some of Plaintiff's appeals are direct challenges to his underlying criminal conviction.  However, through his lawsuits, Plaintiff has also attempted to take direct appeals of his conviction and sentence in this Circuit instead of the Ninth Circuit, where such appeals should be filed.  Clearly, this is the type of excessive frivolous litigation that the "three strikes" policy is intended to address.

Finally, Plaintiff has not submitted any evidence to support the notion that he is "under imminent danger of serious physical injury" and thus deserving of IFP privileges. See 28 U.S.C. § 1915(g). Plaintiff asserts that Watts has been trying to compel him to give BOP "property . . . own[ed] by Plaintiff." Compl. at 3 ¶2. Plaintiff additionally claims that the medical staff at a former prison in which he was incarcerated harassed him after he refused "to allow the injection of the dangerous T.B. test," which is mandatory for all inmates at BOP facilities. Compl. at 5 ¶10; Neal v. Watts, No. 1:07CV00915, 2006 WL 2699075 (D.D.C., Mar. 17, 2008). Such claims provide no ground for holding that Plaintiff, having been moved to another penitentiary, is "under imminent danger of serious physical injury." See 28 U.S.C. § 1915(g). Consequently, due to his aforementioned prior dismissed civil actions and appeals, Plaintiff should not be allowed to proceed without prepayment of costs. See 28 U.S.C. § 1915(g).

Upon the foregoing, Defendant respectfully requests that this Court deny Plaintiff's Motion for Leave to Appeal *in forma pauperis*.

June 6, 2008

Respectfully submitted,

_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
555 Fourth Street, N.W., Room E4210
Washington, D.C. 20530
(202) 514-7157

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 6th day of June, 2008, the foregoing Motion opposing Plaintiff's Motion to Proceed on Appeal In Forma Pauperis, and Memorandum of Points and Authorities in Support Thereof was served on Plaintiff, pro se, by first class mail, postage prepaid, addressed as follows:

>DENARD DARNELL NEAL, R23843-008
>U.S. PENITENTIARY
>Inmate Mail/Parcels
>P.O. Box 019001
>Atwater, Ca 95301

>_/s/_____
>KENNETH ADEBONOJO
>Assistant United States Attorney
>555 Fourth Street, N.W., Room E4210
>Washington, D.C. 20530
>(202) 514-7157