UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENARD DARNELL NEAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-0915 (JR) |
| | ) |
| HARRELL WATTS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

This matter is before the Court on plaintiff's motion to proceed on appeal *in forma pauperis*. Defendant opposes plaintiff's motion on the ground that plaintiff has accumulated more than "three strikes" under the Prison Litigation Reform Act, *see* 28 U.S.C. § 1915(g).[1] In the alternative, defendant argues that the Court should exercise its discretion to deny plaintiff *in forma pauperis* status because of his prior abuse of the privilege. For the reasons stated below, the motion will be granted.

It appears that plaintiff has accumulated two strikes. *See Neal v. Federal Bureau of Prisons*, No. 04-30925, 2005 WL 643271, at *2 (5th Cir. Mar. 21, 2005) (per curiam) (counting "district court's dismissal of Neal's case as frivolous or for failure to state a claim counts as one strike under 28 U.S.C. § 1915(g), and the dismissal of the instant appeal as frivolous [] as another

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

strike under 28 U.S.C. § 1915(g)"). Neither of the two other cases cited in defendant's motion qualify as strikes.

Although the United States District Court for the Eastern District of California dismissed plaintiff's habeas petition, *Neal v. United States Comm'r*, No. 1:08-cv-00246, 2008 WL 2074446, at *1 (E.D. Cal. May 14, 2008), dismissal of a habeas petition does not count as a "strike" for purposes of Section 1915(g). *See Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir. 2005) ("[D]ismissed habeas petitions do not count as strikes under § 1915(g)."); *Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 779 (10th Cir. 1999) (concluding that "district court erred when it counted Mr. Jennings' prior habeas corpus action as a strike under § 1915(g)").

Resolution of plaintiff's prior case in this Court does not count as a strike. In that case, the record shows that only plaintiff's non-FOIA claims were dismissed as frivolous. *Neal v. Snow*, No. 06-1124 (ESH), 2006 WL 2699075, *1 (D.D.C. Sept. 20, 2006) (granting partial motion to dismiss non-FOIA claims as frivolous). The District of Columbia Circuit holds that "actions containing at least one claim falling within none of the three strike categories . . . do not count as strikes." *Thompson v. Drug Enforcement Admin.,* 492 F.3d 428, 432 (D.C. Cir. 2007). Because the surviving FOIA claims neither (1) were frivolous or malicious, (2) were dismissed for failure to state a claim on which relief may be granted, nor (3) sought monetary relief against a defendant immune from such relief, dismissal of the non-FOIA claims does not count as a strike. "Section 1915(g) speaks of the dismissal of 'actions' and 'appeals,' not 'claims.'" *Thompson*, 492 F.3d at 432.

Defendant represents that plaintiff has filed 23 civil cases and 13 appeals in the federal

courts.  *See* Def.'s Mot. at 4 n.2.  The Court's review of the cases reported on Westlaw reveals that most seek habeas relief or otherwise pertain to plaintiff's criminal conviction and challenges to it.  Although the Court may exercise its "discretionary authority to deny IFP status to prisoners who have abused the privilege," *Butler v. Dep't of Justice*, 492 F.3d 440, 444 (D.C. Cir. 2007), it declines to do so in this case.  Plaintiff's filings are not so frequent or so frivolous as to warrant denial of the privilege of proceeding *in forma pauperis* at this time.

    Accordingly, it is hereby

    **ORDERED** that plaintiff's motion to proceed on appeal *in forma pauperis* [Dkt. #32] is **GRANTED**.

    **SO ORDERED**.


                                        JAMES ROBERTSON
                                  United States District Judge